In re LYMAN.

(Supreme Court, Special Term, Kings County. May, 1899.)

INTOXICATING LIQUORS—ILLEGAL SALES—PUNISHMENT—REVOCATION OF CERTIFICATE.

Laws 1896, c. 112, § 11, subds. 1, 2 (Liquor Tax Law), authorize the issuance of two kinds of liquor tax certificates; one for the sale of liquor for consumption on the premises, and another for sales of liquor not to be consumed on the premises. Section 31 makes it unlawful to sell liquors without first procuring the appropriate certificate. Section 34, subd. 2, provides that any one violating the provisions of sections 11 or 31 shall be punished, and forfeit his liquor tax certificate, except that said subdivision shall not apply to violations of section 31, the punishment for which is provided by the first subdivision of the section. The first subdivision of section 34 provides that a person selling liquor without procurement of the proper tax certificate shall be punished by fine and im-

prisonment. *Held*, that a sale of liquors for consumption on the premises by a person holding a certificate authorizing the sale of liquor not to be consumed on the premises is not punishable by a revocation of the tax certificate.

Petition application by Henry H. Lyman, state commissioner of excise, for an order revoking the liquor tax certificate of Raffaele Salatino. Denied.

W. A. Cloutier, for petitioner,
L. J. Sommerville, for respondent.

GAYNOR, J. The respondent holds a liquor tax certificate for the sale of liquors not to be drunk on the premises (Liquor Tax Law, § 11, subd. 2), but he sold liquor to be drunk on the premises, for which traffic he holds no certificate (Id. § 11, subd. 1); and this is an application for an order revoking his certificate on that ground. The application is based on the provision allowing such revocation "on account of the violation of any provisions of this law, conviction of which would cause a forfeiture of such certificate." Id. § 28. It is provided that one "who shall violate the provisions of this act by trafficking in liquor contrary to the provisions of sections 11, 22, 23, 24, 30, or 31, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than $500" or by imprisonment for not more than one year, or by both, "and shall forfeit the liquor tax certificate, and be deprived of all rights and privileges thereunder." Id. § 34, subd. 2. At the end of this subdivision it is provided that it "does not apply to violations of section 31 of this act, the punishment for which is provided in the first clause (subdivision) of this section." The part of section 31 thus referred to prohibits sales unless the appropriate certificate therefor has been obtained under section 11; and the first subdivision of section 34 thus referred to prescribes the punishment for such sales. It is contended that the respondent has not violated any of the said sections 11, 22, 23, 24, or 30, but has only violated section 31 by selling liquor to be drunk on the premises without having a certificate therefor, but only a certificate to sell to be taken away; and that therefore he is only subject to the said punishment provided in section 34, subd. 1, for selling without a certificate contrary to the said prohibition of section 31, and not to a forfeiture of his license. Upon reading sections 11, 22, 23, 24 and 30, it appears that the respondent has not sold liquor "contrary to the provisions" of any of them. The prohibitions and requirements thereof are not applicable to his case. The only provision he has violated is that of section 31 which prohibits sales without the appropriate license.

The application is denied.